**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v** | : | **CASE NO.   4:11-CV-10(CDL)** |
| | : | |
| **$8,392.00 IN UNITED STATES** | : | |
| **FUNDS, *et al.,*** | : | |
| **Defendant Property,** | : | |
| | : | |
| | : | |
| **ROBERTO AYALA and** | : | |
| **JOSE HERNANDEZ AYALA,** | : | |
| **Claimants.** | : | |

**ORDER GRANTING MOTION TO STRIKE AND
ORDER FOR ISSUANCE OF FINAL ORDER OF FORFEITURE**

Upon consideration of the Plaintiff's Motion to Strike, and the record of this case, the Court finds that good cause exists to grant Plaintiff's motion.

THEREFORE, IT IS HEREBY ORDERED that the Claims and Answers of Claimants Roberto Ayala and Jose Hernandez Ayala (Docs. 6-8) shall be stricken from this case.

The responsive pleadings of the Claimants having been stricken, the Court hereby makes the following findings of fact and conclusions of law:

1.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and venue is proper pursuant to 28 U.S.C. § 1395.

2.      Pursuant to a Warrant of Arrest in Rem this Court issued on January 27, 2011, the U.S. Marshals Service for the Middle District of Georgia arrested and seized the Defendant Property on January 31, 2011.

3.     The United States has furnished due and legal notice of these proceedings as required by law.   The United States perfected service of process of this action on Claimants Roberto Ayala and Jose Hernandez Ayala, and other potential claimants.

4.     The United States published notice of this action on an official government website, *www.forfeiture.gov* for at least thirty (30) consecutive days, beginning on February 3, 2011, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5.     Claimants filed timely Claims and Answers in these proceedings, asserting their interest in the Defendant Property described as $8,392.00 in United States Funds, and $5,100.00 in United States Funds, but those pleadings have now been stricken.

6.     Plaintiff sent Special Interrogatories to the Claimants, through their counsel of record, and responses were received on June 20, 2011.

7.     Since prior to the entry of the Court's December 23, 2011, Order, the Claimants did not maintain adequate contact with their counsel of record, nor did the Claimants comply with the requirements of the Order pertaining to the pretrial conference.

8.     At the pretrial conference, held on February 2, 2012, Mr. Quezada represented that the Claimants had not yet been located, but would attempt to locate them before the scheduled trial date.

9.     The Plaintiff has made numerous attempts to locate the Claimants, but has been unsuccessful.

10.     As of the date of filing this motion, no other claims or answers have been filed with regard to the Defendant Property, and the time for filing claims and answers has expired.

2

11.    There is sufficient evidence to warrant a conclusion, by a preponderance of evidence standard, that Defendant Property is subject to forfeiture in accordance with 21 U.S.C. § 881(a)(6).

12.    The Court finds that claimants have abandoned any claim they may have had to the property in question, and the Court further finds that they abandoned any such claims prior to the recent death of their attorney.   Therefore, it would be futile to defer ruling on the present motion.

THEREFORE, IT IS HEREBY FURTHER ORDERED THAT:

1.    All right, title, and interest in the Defendant Property is hereby forfeited to and vested in the United States, which shall have clear title to this property and may warrant good title to any subsequent transferee.

2.    The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law.

3.    No parties shall be entitled to costs, including any costs under 28 U.S.C. § 2412, nor shall the person or persons who made the seizure of the Defendant Property, nor any attorney, agent, or employee of the United States, be liable to suit or judgment on account of the seizure of the Defendant Property or prosecution of the instant forfeiture action, there being reasonable cause shown for the seizure.

SO ORDERED, this 24th Day of February, 2012.


s/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

3

PREPARED BY:

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.   052683